Hillsborough-northern judicial district
No. 2005-726

MICHAEL CORCORAN *& a.*

v.

CRAIG W. HARMON

Submitted: September 13, 2006
Opinion Issued: November 28, 2006

*Hall Stewart, P.A.*, of Manchester (*Francis G. Murphy* on the brief), for the plaintiffs.

*Getman, Stacey, Schulthess & Steere, P.A.*, of Bedford (*Debbie Lorusso Makris* on the brief), for the defendant.

DALIANIS, J. The defendant, Craig W. Harmon, appeals an order of the Superior Court (*Conboy*, J.) denying his motion to confirm an arbitration decision pursuant to RSA 542:8 (1997). We reverse and remand.

The following facts appear in the record. The plaintiffs, Michael and Michelle Corcoran, and the defendant submitted their dispute concerning liability for an automobile collision to arbitration. Each side selected an arbitrator and agreed to a neutral third. The arbitration occurred on May

12, 2005. On May 18, 2005, the plaintiffs learned of a possible conflict of interest on the part of the neutral arbitrator. The arbitration panel decided in favor of the defendant on May 27, 2005. Nearly a month later, on June 23, 2005, the plaintiffs' attorney wrote to the potentially disqualified arbitrator to inform him of the alleged conflict of interest. A draft motion seeking withdrawal of the arbitration panel's decision was included with this letter. The plaintiffs' attorney sent a second letter on June 29, 2005, detailing another possible basis for a conflict of interest on the part of the neutral arbitrator. The arbitration panel withdrew its decision on July 7, 2005. On July 11, 2005, the potentially disqualified neutral arbitrator wrote to the parties explaining the arbitration panel's decision to withdraw, stating that although he did not believe that the initial issue raised by the plaintiffs created a disqualifying situation, the second alleged conflict created an appearance of impropriety that justified withdrawal of the decision even though he was unaware of the alleged conflict when the panel heard the case.

The defendant sought confirmation of the original arbitration decision under RSA 542:8. The trial court denied the motion, ruling that "[b]ecause the decision has been withdrawn, there is no decision for the Court to act on." The trial court denied reconsideration. This appeal followed.

The defendant argues that the trial court erred when it determined that the withdrawal by the arbitration panel precluded review of the decision. The plaintiffs counter that the trial court correctly interpreted the plain meaning of RSA 542:8 when it ruled that the statute did not restrict the arbitration panel's discretion to withdraw a decision after concluding there was an appearance of impropriety.

The plaintiffs also argue that we should decline to decide whether the arbitration panel may withdraw a decision because the trial court did not consider this issue. In essence, the plaintiffs assert that the defendant has not preserved this issue for review because he only asked the trial court to confirm the earlier decision in the defendant's favor and did not ask the trial court to vacate the decision to withdraw. We consider the issue sufficiently preserved because implicit in the request to confirm the withdrawn decision is a request that the trial court vacate the panel's decision to withdraw it.

Thus, the issue before us is whether RSA 542:8 allows the superior court to review the decision of an arbitration panel to withdraw an award. We are the final arbiter of the meaning of a statute as expressed in the words of the statute itself. *Greene v. Town of Deering*, 151 N.H. 795, 798 (2005). When construing the meaning of a statute, we first examine its language and, where possible, ascribe the plain and ordinary meanings to words

used. *Id.* When the language used in the statute is clear and unambiguous, its meaning is not subject to modification by judicial construction. *Id.*

RSA 542:8 states in pertinent part:

> At any time within one year after the award is made any party to the arbitration may apply to the superior court for an order confirming the award, correcting or modifying the award for plain mistake, or vacating the award for fraud, corruption, or misconduct by the parties or by the arbitrators, or on the ground that the arbitrators have exceeded their powers.

The plain language of RSA 542:8 allows the trial court to, among other things, vacate an award "for fraud, corruption, or misconduct by the parties or by the arbitrators, or on the ground that the arbitrators have exceeded their powers." In this case, because there are allegations of an appearance of impropriety lodged against the arbitrators and a question of whether "the arbitrators have exceeded their powers" by withdrawing their decision, review by the trial court pursuant to RSA 542:8 is the only means of reviewing the issues.

While the language of RSA 542:8 is couched in terms of the superior court's review of an "award," a decision of an arbitration panel to withdraw the award would still be reviewable under the statute. The plain meaning of the noun "award" includes "a judgment, sentence, or final decision [especially] the decision of arbitrators in a case submitted to them." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 152 (unabridged ed. 2002). Similarly, BLACK'S LAW DICTIONARY defines award as "a final judgment or decision, [especially] one by an arbitrator or by a jury assessing damages." BLACK'S LAW DICTIONARY 147 (8th ed. 1999); *see* BALLENTINE'S LAW DICTIONARY 116 (3d ed. 1969) ("the decision, decree, or judgment of arbitrators"); ELKOURI AND ELKOURI: HOW ARBITRATION WORKS 383 (M. M. Volz & E. P. Goggin eds., 5th ed. 1997) ("The award is the arbitrator's decision of the case.").

In this case, the decision to withdraw the award was a "final decision . . . of arbitrators in a case submitted to them." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, *supra* at 152. Therefore, the trial court has jurisdiction under RSA 542:8.

The plaintiffs argue that judicial review of the decision by an arbitration panel to withdraw its earlier decision is inconsistent with the deference the court usually accords an arbitrator's decision. *See Merrill Lynch Futures v. Sands*, 143 N.H. 507, 509 (1999). We disagree. Under RSA 542:8, judicial review may be had of any final arbitration decision. The statute does not contain any limiting language with respect to the kind of decision that may be reviewed, other than requiring that the decision be an "award," which

means a final decision. The plain language of the statute mandates judicial deference to the arbitrator's decision by precluding the court from correcting or modifying the decision except for "plain mistake" and from vacating the decision except for "fraud, corruption or misconduct by the parties or by the arbitrators, or on the ground that the arbitrators ... exceeded their powers." RSA 542:8.

For the above reasons, we hold that the trial court erred in denying the motion to confirm the award for want of an award to confirm. RSA 542:8 empowers the superior court to review decisions of the arbitration panel, including a decision to withdraw an award.

The defendant argues that RSA 542:8 does not authorize the arbitration panel to vacate its own decisions. He also argues that if the arbitration panel does have the power to withdraw its decision, it is not free to do so without sufficient reason. The plaintiffs counter that arbitrators fill a quasi-judicial role and must be able to recuse themselves upon an allegation of an appearance of impropriety. These issues may be considered by the trial court upon remand.

*Reversed and remanded.*

BRODERICK, C.J., and DUGGAN and GALWAY, JJ., concurred.